## NATHANIEL CHAMBLESS v. THE STATE.

It has been heretofore decided by this Court, that the delivery of the body of the defendant is not a good answer to a *scire facias* on a forfeited recognizance, without a further showing of excuse for the failure to have the body of the defendant in Court at the proper time; it therefore follows that it is not a good answer to the *scire facias*, that the surety, after the forfeiture of the recognizance, had caused the arrest of the defendant, on *capias*, to answer the charge, and that he was delivered by *habeas corpus* to other bail, without a

Chambless v. The State.

further showing of excuse for the failure to have the defendant in Court at the proper time.

Where a pardon is obtained, it may be filed after judgment in this Court, before the issuance of the mandate, and the judgment will be made to conform to the pardon.

Error from Lavacca. Tried below before the Hon. Fielding Jones.

At the Spring Term, 1855, plaintiff in error entered into recognizance for the appearance of William B. Gage to answer a charge of unlawfully altering the mark and brand of a heifer, the property of William Hudgens, without the consent of said Hudgens. At Fall Term, 1855, the recognizance was forfeited, and *scire facias* ordered to issue thereon. On the 15th March, 1856, a *capias* for Gage was issued to Bastrop county, upon which he was arrested on the 5th April, and being brought before the Hon. Thomas H. DuVal, by writ of *habeas corpus*, was admitted to bail, and gave bond with other sureties for his appearance at Lavacca District Court to answer the above charge. At Spring Term, 1856, on motion of the District Attorney the *scire facias* served to that Term of the Court was quashed, and another ordered returnable to next Term. Same Term, the second bond given in Bastrop was forfeited, and *scire facias* ordered. Fall Term, 1856, continued by consent. To next Term, plaintiff in error answered the *scire facias* by plea that he had used every exertion in his power to have said William B. Gage at this Court, as he agreed to do in his bond, by having a writ issued by the Clerk of this Court to the Sheriff of Bastrop county, &c., stating the facts as above. To this plea, the Court sustained a demurrer, and judgment on the *scire facias* was made final.

*B. F. & W. M. Fly*, for plaintiff in error, argued that the surety had done all that the law could reasonably require, by causing the defendant to be re-arrested, with a view to deliver him up in answer to the *scire facias* on his recognizance, which he was prevented from doing by the delivery of the defendant to other bail on the *habeas corpus;* and cited 1 Bac. Ab. 597; 3 Black. 224, n. 31; State v. Mahon, 3 Harring. 569.

*Attorney-General*, for defendant in error.

ROBERTS, J. It will be observed that a forfeiture *nisi* was

taken in this case before the *capias* was ordered, upon which Gage was apprehended the second time, upon the charge preferred against him. It is contended that this apprehension of him by the Sheriff, placed him in the custody of the law, and by depriving his bail (Chambless) of the power of control over his person, relieved him, the bail, from responsibility upon his recognizance.

It cannot be supposed that his being taken upon a *capias* by the Sheriff, would be more efficient to produce that result, than a surrender of Gage by his bail, at that time, to a competent Court would have been. Putting it, then, on ground so favorable as that for the plaintiff in error, the question may be asked, would a surrender of Gage made by his bail, Chambless, to a competent Court or officer, at any time after the forfeiture *nisi* had been rendered on the recognizance, operate as a release of the bail's liability; or, in other words, constitute a defence to the *scire facias*? This has been decided in the negative by this Court in the case of the State v. Warren et al. (17 Tex. R. 283.) To admit the proposition of plaintiff in error would be making a defence arise out of facts subsequent to the default, whereas the defence or excuse must exist at or before the time of the default. The whole question is fully discussed, and so well defined, in the case cited, that it is only necessary to refer to it in support of the view here taken. It is not, however, intended to be intimated that the plaintiff is regarded as occupying as favorable a position, in every respect, as if Gage had been surrendered to the Court by his bail after default. Whether he does or not need not be critically examined into, as it is immaterial in this case.

We are of opinion that the Court did not err in sustaining the exceptions to the plea of plaintiff in error.

Judgment affirmed.

Later in the session the following proceedings were had :—

ROBERTS, J. Chambless was bail for Gage and the recognizance was forfeited. Upon error to this Court judgment was affirmed.

A remission of the forfeiture (not of the costs) in favor of Chambless is produced in this Court after judgment, under the great seal of the State, and signed by Governor Pease.

Under the Constitution and laws this releases the party Cham-

bless from the recovery of the forfeiture here adjudged, except-
ing the costs, of both Courts. (Hart. Dig. page 66 and Art. 1417.)
The Clerk will make an entry of release, and let his mandate
conform to the judgment so modified.